NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRIS J. MARKEY, | No. 13-17157 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-00027-LDG-GWF |
| v. | |
| BANK OF AMERICA, N.A.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Submitted January 18, 2017**

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Cris J. Markey appeals pro se from the district court's judgment dismissing

his action alleging federal and state law claims arising out of foreclosure

proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo

the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6),

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010), and we affirm.

The district court properly dismissed Markey's wrongful foreclosure and other state law claims because Markey failed to allege facts sufficient to state a plausible claim for relief. *See id.* at 341-42 (although pro se pleadings are liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief). Markey's contentions that Mortgage Electronic Registration Systems, Inc. ("MERS") may not serve as beneficiary of a deed of trust, or that its involvement undermines the validity of his loan or deed of trust, are foreclosed by Nevada law. *See Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 259-260 (Nev. 2012) (holding that MERS is capable of being a valid beneficiary of a deed of trust). We reject as without merit Markey's contentions that the securitization of his loan was fraudulent, unjustly enriched defendants, or otherwise affected the validity of his loan. To the extent that Markey challenges the validity of any assignment of his loan into a securitized trust, he lacks standing to raise such a challenge. *See Wood v. Germann*, 331 P.3d 859, 861 (Nev. 2014).

The district court properly dismissed Markey's Truth in Lending Act ("TILA"), Real Estate Settlement Procedures Act ("RESPA"), and Home Ownership and Equity Protection Act ("HOEPA") claims because these claims

13-17157

were barred by the statute of limitations and Markey failed to demonstrate that equitable tolling applied. *See* 12 U.S.C. § 2614 (prescribing at most a three-year statute of limitations for violations of RESPA); 15 U.S.C. §§ 1635(f), 1640(e) (TILA actions for rescission must be brought within three years of consummation of the loan; an action for damages under TILA and HOEPA must be brought within one year of the alleged violation).

The district court did not err in ruling on defendants' motion to dismiss prior to the completion of discovery. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.").

**AFFIRMED.**

13-17157